IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARLENE MARIE ARCHIBALD,

                                                                                                     ORDER

                 Plaintiff,

                                                                                                   10-cv-558-bbc

     v.

ASPIRUS, INC.,
ASPIRUS VNA HOME HEALTH, INC.,
ASPIRUS VNA EXTENDED CARE, INC.
and BARBARA MOSKONAS AUSTIN,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On June 13, 2011, I granted the motion for sanctions filed by defendants Aspirus, Inc., Aspirus VNA Home Health, Inc., Aspirus VNA Extended Care, Inc., and Barbara Moskonas Austin, after finding that the complaints filed by counsel for plaintiff Darlene Marie Archibald violated Fed. R. Civ. P. 11. Plaintiff's counsel had pressed claims of discrimination that plaintiff had not exhausted, had raised claims that had no support in the law and even after being served with a Rule 11 notice had filed an amended complaint that was longer and less coherent than her original complaint.  Because defendants had not specified what sanctions they were pursuing, they were given an opportunity to do so.

1

Defendants responded by saying that they were seeking an award of $8371.90 in attorney fees and costs incurred in the defense of the baseless and unexhausted claims.

In her reply to defendants' request, plaintiff has asked the court to reduce the amount of fees and costs sought by defendants. She does not challenge any aspect of the fee request, but asks the court to take into consideration her poor health during the period from August 2010 until the end of March 2011, when she was so ill with bronchitis, pneumonia and other respiratory problems that she was unable "to reason, to concentrate and to remember." Plt.'s Counsel's Br., dkt. #78, at 3; Mueller Aff., dkt. #80.

Counsel's explanation raises an issue of greater concern than her liability to defendants for their fees and costs. If, as she says, she was too sick to remember significant evidence, respond to mail from opposing counsel and frame coherent arguments, she may have been in violation of Wisconsin's rules of professional conduct for attorneys. Under Rule SCR 20:1.1, a lawyer must provide *competent* representation; "competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Id. Moreover, SCR 20:1.16 imposes upon lawyers the duty to withdraw from representation of a client when "(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client."

From counsel's description of her efforts to work while ill, it is evident that she is dedicated to working on her clients' behalf even when she should be hospitalized or away

2

from her office recuperating. Like any conscientious lawyer, she does not want to leave her clients in the lurch. But dedication can go too far if it means trying to help a client while physically unable to do so. In the future, plaintiff's counsel should keep in mind that the State Bar of Wisconsin is a ready resource for lawyers in situations like hers. The bar's Lawyers Assistance Program could have provided advice and assistance when she fell ill, including help with finding substitute counsel who could take over those cases that needed immediate attention.

In no way is counsel to blame for her illnesses or for the effect they had on her ability to perform as a capable lawyer. However, as a lawyer in that situation, she had an obligation to her client to recognize her limitations and arrange for another lawyer to take over the case. Her failings in this case may not have been intentional, but they were negligent.

Plaintiff's counsel says nothing about her financial ability to satisfy the sanction defendants are seeking, but from her description of her office and her lack of paid assistance, I think it is unlikely that she is in a position to pay defendants the full amount they are requesting. However, I believe that counsel's conduct still warrants a sanction and that she would be able to pay a portion of the amount sought by defendants. I will set the amount of the sanction at $837.00.

3

ORDER

IT IS ORDERED that defendants Aspirus, Inc., Aspirus VNA Home Health, Inc., Aspirus VNA Extended Care, Inc., and Barbara Moskonas Austin, are awarded $837.00 for the unnecessary fees and costs they incurred in defending against baseless and unexhausted claims asserted by plaintiff in her amended complaint. The sanction is to be paid by plaintiff's counsel.

Entered this 21st day of July, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge